**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JEFFERY ALAN RICHIE, | § | |
| (TDCJ-CID #1481626) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-09-1942 |
| | § | |
| WHARTON COUNTY | § | |
| SHERIFF'S DEPARTMENT | § | |
| STAR TEAM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

## I.      Background

Jeffery Alan Richie, a Texas Department of Criminal Justice inmate, sued on June 19, 2009, alleging civil rights violations resulting from an excessive use of force and denial of medical care. Richie, proceeding *pro se* and *in forma pauperis,* sues the Wharton County Sheriff's Department STAR  Team; Sergeant Tommy Johnson; Chief Bill Copeland; Officer Grady Smith; John Doe I; and John Doe II.  Richie asserts that he was arrested on June 19, 2007 and the defendants used excessive force in the course of his arrest.  He asserts that the defendants violated his constitutional rights by failing to knock and announce their presence prior to entering his home.  He complains of the denial of adequate medical care following his arrest.

## II.     Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. As a suit by a prisoner against law enforcement officials, Richie's complaint is clearly within the ambit of § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.    Discussion

Richie raised virtually identical claims against the same defendants in Civil Action No. H-09-0464. That lawsuit is currently pending before the court.

*In forma pauperis* complaints may be dismissed as frivolous if they seek to re-litigate claims that assert substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.), *cert. denied,* 493 U.S. 969 (1989). Pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata. Id.* A district court may dismiss as malicious a pauper's complaint that duplicates allegations of another pending federal lawsuit filed by the same plaintiff. *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993).

As noted, Richie filed the instant case four months after filing his complaint in H-09-0464. From the pleadings it appears that Richie meant to file his pleading in 4:09-0464. The court notes

that he wrote "H-09-0464" on his pleading.  The pleading was inadvertently docketed under a new civil action.

The claims in the above-styled action will be DISMISSED as improvidently filed because they are duplicative of claims presented in a pending lawsuit.

## IV.    Conclusion

The action filed by Jeffery Alan Richie (TDCJ-ID Inmate #1481626) is DISMISSED as improvidently filed because the claims are duplicative of claims pending before the court.  His claims are DISMISSED without prejudice.

SIGNED at Houston, Texas, on ___June 24___, 2009.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE